ROBERT L. BLAND, Judge,
dissenting.
The record of this claim, prepared by the state road commissioner, with his concurrence therein and recommendation for payment thereof, consists of six pages intended to show grounds sufficient to warrant this court in making an award of $239.62 of the public funds and *104 justify the Legislature in making an appropriation of that amount of the people’s money. Not one of these pages contains an affidavit to verify the truth of its contents. Mere ex parte, unverified statements do not constitute evidence or proof. The validity of every claim filed in the court of claims against the state, seeking money allowance, should be established by legal proof. In no other way can the merit of such claims be properly determined. This court is an investigating body, charged with the duty of acquainting itself with all the facts concerning the claim presented and recommending to the Legislature the proper disposition thereof. It must necessarily place the court in an embarrassing situation to recommend to the Legislature the wisdom of appropriating the public funds when such claim is not shown by valid and satisfactory proof that it is possessed of merit.
The claim under consideration involves both questions of fact and liability. In its consideration of the claim the court is precluded from examining and cross examining the claimant. The court is asked to act in making its determination as a mere ratifying body. Such action is repugnant to my way of thought. I am constrained to perform my duty as I see it.
At the time of the accident alleged to have occurred, the road commission was engaged in the performance of a governmental function. It was acting in pursuance of mandatory, lawful authority. Claimant in the use of the highway possessed no right or privilege superior to the right of the state. She was charged with the duty of having her automobile under control. The court has had no opportunity to investigate the extent, if any, to which she may have been guilty of contributory negligence. The main part of the road is built of asphalt. It is a straight road for a short distance, with grade. Its width is eighteen feet, with berm on the east of two feet and berm on the west of five feet. The claimant, I think, by the exercise of proper discretion could have avoided the accident. Within the meaning of the rule announced by the Supreme *105 Court of Appeals of West Virginia in the case of State, ex rel, Cashman v. Sims, Auditor, as to what constitutes a moral obligation of the state, I perceive no such duty in this case. I recognize the binding effect of that decision.
For the reasons herein set out and others that might be easily assigned, I dissent from the judgment of my esteemed colleagues and would disallow the claim.